UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| In re: | CASE NO. 25-20705-JRS |
| BMX TRANSPORT, LLC, | CHAPTER 11 |
| Debtor. | |

**MOTION FOR ORDER ESTABLISHING A DEADLINE FOR FILING PROOFS
OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

BMX Transport, LLC, (the "**Debtor**") hereby submits this motion (the "**Motion**") seeking entry of an order establishing a deadline for filing proofs of claim and approving the form and manner of notice thereof. In support of the Motion, the Debtor respectfully shows as follows:

**BACKGROUND**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. On May 20, 2025 (the "**Petition Date**"), the Debtor filed a voluntary petition, for relief under the United States Bankruptcy Code (the "**Bankruptcy Code**"). Since the Petition Date, the Debtor has continued managing its financial affairs as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No committee, trustee, or examiner has been appointed.

3. **RELIEF REQUESTED AND BASIS FOR RELIEF**

4. By this Motion, the Debtor seeks entry of an order (the "**Bar Date Order**"): (i) establishing the general bar date by which all creditors must file proofs of claim in this chapter 11 case (the "**General Bar Date**"); (ii) establishing the date by which governmental units must file proofs of claim in this chapter 11 case (the "**Governmental Unit Bar Date**") (iii) establishing

the date by which proofs of claim relating to the Debtor's rejection of executory contracts or unexpired leases must be filed in this chapter 11 case (the "**Rejection Bar Date**;" together with the General Bar Date and the Governmental Unit Bar Date, the "**Bar Dates**"); (iv) approving the manner of notice of the Bar Dates; and (v) and granting any further relief.

5. Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which a proof of claim must be filed in a chapter 11 case pursuant to section 501 of the Bankruptcy Code. Bankruptcy Rule 3003(c)(2) provides that any creditor whose claim is not scheduled, or whose claim is scheduled as disputed, contingent, or unliquidated, must file a proof of claim. The purpose of a bar date is to provide a deadline by which to identify any possible unknown claims against the debtor's estate and to provide additional certainty regarding the magnitude of claims against the debtor's estate.

**A. General Bar Date**

6. The Debtor requests that the Court establish the General Bar Date on **August 15, 2025** which the Debtor submits will be no less than forty-five (45) days after the date of mailing of notice. The fixing of this date as the Bar Date will enable the Debtor to receive, process, and begin the analysis of creditors' claims in a timely and efficient manner. Setting a deadline for filing proofs of claim asserted by all persons and Claimants and barring claims filed beyond that deadline is necessary to quantify the aggregate dollar amount of claims outstanding against the Debtor.

7. The Debtor requests that any person or entity (a "**Claimant**") that asserts a claim (a "**Prepetition Claim**") against the Debtor that arose prior to the Petition Date be required to file an original, written proof of such Prepetition Claim, so as to be received on or before the General

Bar Date by either mail or delivery by hand, courier, or overnight service to the appropriate address.

8. Except as provided below, the General Bar Date would apply to all Claimants holding Prepetition Claims (whether secured, unsecured priority, or unsecured nonpriority), including, but not limited to, the following:

>   (a) creditors whose Prepetition Claims arise out of the rejection of executory contracts or unexpired leases by the Debtor prior to the entry of the Bar Date Order;
>
>   (b) Claimants whose Prepetition Claims arise out of the obligations of such Claimants under a contract for the provision of liability insurance to a Debtor;
>
>   (c) any Claimant whose prepetition claim against the Debtor is not listed in the Schedules or whose prepetition claim is listed as disputed, contingent or unliquidated and that desires to participate in the chapter 11 case or share in any distribution in the chapter 11 case;
>
>   (d) any Claimant that believes that his prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have his claim allowed in a classification or amount other than that identified in the Schedules; and
>
>   (e) any Claimant that asserts a claim against the Debtor under Bankruptcy Code section 503(b)(9) on account of goods delivered to the Debtor during the 20 days prior to the Petition Date.

9. The General Bar Date would apply to all Prepetition Claims asserted by such Claimants, except that the following Claimants would not need to file proofs of claim:

>   (a) any Claimant that has already properly filed a proof of claim against the Debtor for which no other or additional amounts or claims are sought;
>
>   (b) any Claimant (i) whose Prepetition Claim is not listed as "disputed," "contingent," or "unliquidated" in the Schedules and (ii) that agrees with the nature, classification, and amount of such Prepetition Claim set forth in the Schedules; and (iii) such Claimant does not dispute that his Prepetition Claim is an obligation of the Debtor as listed in the Schedules;

  (c) any Claimant whose Prepetition Claim (including any Prepetition Claim listed in the Debtor's Schedules) previously has been allowed by, or paid pursuant to, an order of this Court;

  (d) any Claimant that asserts an administrative expense claim against the Debtor pursuant to section 503(b) of the Bankruptcy Code, unless such claim is pursuant to Bankruptcy Code section 503(b)(9) on account of goods delivered to the Debtor during the 20 days prior to the Petition Date.

**B. <u>Governmental Unit Bar Date</u>**

  10. Section 502(b)(9) of the Bankruptcy Code provides that a governmental unit's (each a "**Governmental Unit**")[1] claim is timely if it is filed before 180 days after the petition date or such later time as the Bankruptcy Rules may provide. 11 U.S.C. § 502(b)(9). Therefore, pursuant to section 502(b)(9) of the Bankruptcy Code, a claim filed by a Governmental Unit is timely if it is filed within 180 days after the Petition Date, or by November 16, 2025. The Debtor seeks an order from this Court establishing **November 16, 2025** as the Governmental Unit Bar Date in this chapter 11 case.[2] The Governmental Unit Bar Date would apply to all Governmental Units holding claims against the Debtor (whether secured, unsecured priority or unsecured non-priority) that arose prior to or on the Petition Date, including governmental units with claims against the Debtor for unpaid taxes, whether such claims arise from petition tax years or prepetition transactions to which the Debtor was a party.

  11. The Debtor requests that Governmental Units wishing to assert a claim be required to file an original, written request for payment of any such claim, so as to be received on or before the Governmental Unit Bar Date by either mail or delivery by hand, courier, or overnight service at the appropriate address.

---

[1] The term "Governmental Unit," as used herein, has the meaning ascribed to it in section 101(27) of the Bankruptcy Code.

[2] December 8, 2024 falls on a Sunday, and December 9, 2024 is the following Monda.

12. The Debtor requests that the Court order that all proofs of claim be deemed timely filed only if the original Proof of Claim Form actually is received by the Court on or before the Governmental Unit Bar Date.

**C. Rejection Bar Date**

13. The Debtor anticipates that certain Claimants may assert Prepetition Claims in connection with a Debtor's rejection of executory contracts and unexpired leases pursuant to section 365 of the Bankruptcy Code. The Debtor proposes that, for any Prepetition Claim relating to a Debtor's rejection of an executory contract or unexpired lease (a "**Rejection Damages Claim**") that becomes effective after entry of the Bar Date Order but before confirmation of any plan proposed by the Debtor, the Rejection Bar Date for such Rejection Damages Claim shall be the later of (a) the General Bar Date or (b) 30 days after the effective date of rejection of such executory contract or unexpired lease as provided by an order of this Court or pursuant to a notice under procedures approved by this Court (the "**Rejection Bar Date**").

14. The Debtor requests that Claimants wishing to assert a Rejection Damages Claim be required to file an original, written request for payment of any such Rejection Damages Claim, so as to be received on or before the Rejection Bar Date by either mail or delivery by hand, courier, or overnight service at the appropriate address.

15. The Debtor requests that the Court order that all proofs of claim be deemed timely filed only if the original Proof of Claim Form is actually received by the Court on or before the Rejection Bar Date.

**D. Effect of Failure to File by Applicable Bar Date**

16. The Debtor proposes that, pursuant to Bankruptcy Rule 3003(c)(2), any Claimant that is required to file a proof of claim in the chapter 11 case pursuant to the Bankruptcy Code, the

-5-

Bankruptcy Rules or the order approving this Motion, but that fails to do so in a timely manner, shall be forever barred, estopped, and enjoined from asserting any Prepetition Claim against the Debtor (or filing a proof of claim with respect thereto), and the Debtor and its property shall be forever discharged from any and all indebtedness or liability with respect to such Prepetition Claim. Additionally, any holder of any Prepetition Claim who is required, but fails, to file a proof of such claim in accordance with the Bar Date Order on or before the applicable Bar Date shall not be permitted to vote to accept or reject any plan or plans or participate in any distribution in the Debtor's chapter 11 case on account of such Prepetition Claim or to receive further notices regarding such Prepetition Claim.

## **NOTICE OF THIS MOTION**

17.    Based on the notice procedures set forth in the proposed order and notice attached hereto as **Exhibit A** (the "**Bar Date Order**"), the setting of the Bar Date will give all creditors and governmental units ample opportunity to prepare and file proofs of claim.

18.    The claims procedures embodied in the Bar Date Order are fair and equitable and in accordance with the Bankruptcy Code.

19.    Pursuant to the Bar Date Order, each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust, and governmental unit) that asserts a "claim" (as broadly defined in section 101(5) of the Bankruptcy Code) against the Debtor that arose on or prior to the Petition Date (including, without limitation, claims entitled to priority under section 503(b)(9) of the Bankruptcy Code) must comply with procedures set forth therein.

20.    Pursuant to Bankruptcy Rule 2002(a)(7), the Debtor proposes to provide notice of the Bar Date to all creditors by serving a copy of the Bar Date Order on them within three business days of the entry thereof.

## **CONCLUSION**

WHEREFORE, based upon the foregoing, the Debtor respectfully requests entry of an order substantially in the form attached hereto as **Exhibit A** authorizing the relief requested herein, and granting such other and further relief as is just and proper.

Dated: June 27, 2025                    Respectfully submitted,

                                          **KECK LEGAL, LLC**

                                          */s/ Jonathan Clements*
                                          Benjamin R. Keck, Ga. Bar No. 943504
                                          Jonathan Clements, Ga. Bar No. 130051
                                          2801 Buford Highway NE, Suite 115
                                          Atlanta, GA 30329
                                          Tel. (470) 826-6020
                                          bkeck@kecklegal.com
                                          jclements@kecklegal.com
                                          ***Proposed Counsel for the Debtor***

**Exhibit A**

Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| **In re:** | **CASE NO. 25-20705-JRS** |
| **BMX TRANSPORT, LLC,** | **CHAPTER 11** |
| Debtor. | |

**ORDER AND NOTICE OF DEADLINE REQUIRING**
**FILING OF PROOFS OF CLAIM ON OR BEFORE AUGUST 15, 2025**

**TO ALL PERSONS AND CLAIMANTS WITH CLAIMS AGAINST THE DEBTOR:**

**PLEASE TAKE NOTICE THAT** on June 27, 2025, BMX Transport, LLC., Debtor in the above-captioned Chapter 11 case (the "**Debtor**"), filed a Motion for Order Establishing a Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof, requesting that the Court enter an order establishing a deadline for filing proofs of claim in this case.  It appearing that the relief requested is proper, it is hereby

**ORDERED, AND NOTICE IS GIVEN, THAT THE LAST DATE ESTABLISHED FOR FILING PROOFS OF CLAIM IN THE DEBTOR'S BANKRUPTCY CASE FOR ANY CLAIMANT IS AUGUST 15, 2025, FOR ANY GOVERNMENTAL UNIT NOVEMBER 16,**

**2025, AND FOR ANY REJECTION DAMAGES CLAIM <u>THE LATER OF AUGUST 15, 2025, OR 30 DAYS AFTER EFFECTIVE REJECTION OF THE EXECUTORY CONTRACT</u>.  \*\*\*THIS IS A BAR DATE.\*\*\*  Any Claimant that has previously filed a proof of claim is not required to file an additional proof of claim;** and it is

**FURTHER ORDERED, AND NOTICE IS GIVEN, THAT** any person or entity (a "**Claimant**") with a claim against the Debtor: (a) creditors whose Prepetition Claims arise out of the rejection of executory contracts or unexpired leases by the Debtor prior to the entry of this Bar Date Order; (b) Claimants whose Prepetition Claims arise out of the obligations of such Claimants under a contract for the provision of liability insurance to a Debtor; (c) any Claimant whose prepetition claim against the Debtor is not listed in the Schedules or whose prepetition claim is listed as disputed, contingent, or unliquidated and that desires to participate in the chapter 11 case or share in any distribution in this chapter 11 case; (d) any Claimant that believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules; and (e) any Claimant that asserts a claim against the Debtor under Bankruptcy Code section 503(b)(9) on account of goods delivered to the Debtor during the 20 days prior to the Petition Date, MUST FILE A PROOF OF CLAIM IN THE DEBTOR'S BANKRUPTCY CASE AND PROPER SUPPORTING DOCUMENTATION WITH THE CLERK OF THE BANKRUPTCY COURT AND SERVE A COPY ON DEBTOR'S UNDERSIGNED COUNSEL ON OR BEFORE **<u>AUGUST 15, 2025</u>**; and it is

**FURTHER ORDERED, AND NOTICE IS GIVEN, THAT** all Governmental Units, as the term is defined under section 101(27) of the Bankruptcy Code, holding claims against the Debtor (whether secured, unsecured priority or unsecured non-priority) that arose prior to or on the Petition Date, including governmental units with claims against the Debtor for unpaid taxes, whether such claims arise from petition tax years or prepetition transactions to which the Debtor was a party, MUST FILE A PROOF OF CLAIM IN THE DEBTOR'S BANKRUPTCY CASE AND PROPER SUPPORTING DOCUMENTATION WITH THE CLERK OF THE BANKRUPTCY COURT AND SERVE A COPY ON DEBTOR'S UNDERSIGNED COUNSEL ON OR BEFORE **<u>NOVEMBER 16, 2025</u>**; and it is

**FURTHER ORDERED, AND NOTICE IS GIVEN, THAT** any Prepetition Claim relating to a Debtor's rejection of an executory contract or unexpired lease (a "**Rejection Damages Claim**") that becomes effective after entry of the Bar Date Order but before confirmation of any plan proposed by the Debtor, MUST FILE A PROOF OF CLAIM IN THE DEBTOR'S BANKRUPTCY CASE AND PROPER SUPPORTING DOCUMENTATION WITH THE CLERK OF THE BANKRUPTCY COURT AND SERVE A COPY ON DEBTOR'S UNDERSIGNED COUNSEL ON OR BEFORE THE LATER OF (A) **<u>AUGUST 15, 2025</u>** OR (B) 30 DAYS AFTER THE EFFECTIVE DATE OF REJECTION OF SUCH EXECUTORY CONTRACT OR UNEXPIRED LEASE AS PROVIDED BY AN ORDER OF THIS COURT OR PURSUANT TO A NOTICE UNDER PROCEDURES APPROVED BY THIS COURT; and it is

**FURTHER ORDERED, AND NOTICE IS GIVEN, THAT** ANY PERSON OR ENTITY WITH A CLAIM AS DESCRIBED ABOVE WHO FAILS TO TIMELY FILE AND SERVE A

PROOF OF CLAIM MAY BE FOREVER BARRED FROM PARTICIPATING IN DEBTOR'S CHAPTER 11 CASE WITH RESPECT TO VOTING ON ANY PLAN OF REORGANIZATION AND WITH RESPECT TO ANY DISTRIBUTION, OR IN ANY OTHER REGARD AND SUCH CLAIM MAY BE DEEMED TO HAVE BEEN WAIVED; and it is

**FURTHER ORDERED, AND NOTICE IS GIVEN, THAT** nothing herein shall prejudice the Debtor's right to object to any proof of claim, whether filed or scheduled, on any grounds, or to dispute or assert offsets or defenses to any claims reflected on the Schedules thereto, as to amount, liability, classification, or otherwise or to subsequently designate any claim as disputed, contingent, unliquidated or undetermined; and

**NOTICE IS FURTHER GIVEN** that any person or entity who desires to review the Debtor's bankruptcy schedules to determine how a claim or equity security interest is listed may do so at the Clerk of the Bankruptcy Court between the hours of 8:00 a.m. and 4:45 p.m. Any claimant who desires to rely on such Debtor's bankruptcy schedules has the responsibility for determining that their claim is accurately set forth therein. All creditors and other parties in interest are referred to the Bankruptcy Code and Bankruptcy Rules for additional information regarding the filing and treatment of proofs of claim and should consult with their own legal advisors.

**NOTICE IS FURTHER GIVEN** that the address for the Clerk of the Bankruptcy Court and Debtor's counsel are as follows:

Clerk of the U.S. Bankruptcy Court
United States Bankruptcy Court
Room 1340
75 Ted Turner Drive, SW
Atlanta, GA 30303

Benjamin R. Keck
Keck Legal, LLC
2801 Buford Highway NE, Suite 115
Atlanta, GA 30329

**IT IS FURTHER ORDERED, AND NOTICE IS GIVEN, THAT** Debtor's counsel shall serve a copy of this Order and Notice, within three business days of the date hereof, on all creditors, equity security holders, parties in interest, and those persons who have filed requests for notices in the Debtor's case.

**IT IS FURTHER ORDERED** this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, enforcement and/or interpretation of this Order and Notice.

### END OF ORDER ###

**Prepared and presented by:**

**KECK LEGAL, LLC**

*/s/ Benjamin R. Keck*
Benjamin R. Keck, Ga. Bar No. 943504
2801 Buford Highway NE, Suite 115
Atlanta, GA 30329
Tel. (470) 826-6020
bkeck@kecklegal.com
***Counsel for the Debtor***


**Distribution List:**

Benjamin R. Keck
KECK LEGAL, LLC
2801 Buford Highway NE, Suite 115
Atlanta, GA 30329

Office of the United States Trustee
c/o David Weidenbaum
Suite 362, Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2025, I filed the foregoing pleading through the Court's CM/ECF system, which generates an electronic notice thereof on all parties registered to receive notices thereby.

Dated: June 27, 2025                    Respectfully submitted,

                                          **KECK LEGAL, LLC**

                                        */s/ Benjamin R. Keck*
                                        Benjamin R. Keck, Ga. Bar No. 943504
                                        2801 Buford Highway NE, Suite 115
                                        Atlanta, GA 30329
                                        Tel. (470) 826-6020
                                        bkeck@kecklegal.com
                                        ***Counsel for the Debtor***