**IT IS ORDERED as set forth below:**



Date: July 2, 2025

_____
**James R. Sacca
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| **In re:** | **CASE NO. 25-20705-JRS** |
| **BMX TRANSPORT, LLC,** | **CHAPTER 11** |
| Debtor. | |

**SECOND INTERIM ORDER AUTHORIZING DEBTOR TO USE
CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION**

This matter came before the Court on June 26, 2025, for hearing (the "**Preliminary Hearing**") on a motion by the above-captioned debtor-in-possession (the "**Debtor**") for authority to use cash collateral [Doc. 2] (the "**Cash Collateral Motion**").[1] Upon consideration of the Cash Collateral Motion, representations of counsel at the Preliminary Hearing, and all other matters of record, the Court hereby finds:

---

[1] All capitalized terms not defined herein shall have the meanings ascribed to them in the Cash Collateral Motion.

A. The Debtor filed its petitions for relief under chapter 11 of the Bankruptcy Code on May 20, 2025 (the "**Petition Date**"). Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtor remains in possession of its assets and has continued the operation and management of its business in this case.

B. This Court has jurisdiction over the Cash Collateral Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2), involving matters under 11 U.S.C. §§ 361 and 363. Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

C. The Debtor asserts that its a borrower on certain loans with the SBA, RTS, and others (the "**Lenders**"), which may assert security interests in certain of the Debtor's personal property.

D. The revenue from the Debtor's business may constitute Cash Collateral as that term is defined in 11 U.S.C. Section 363 (the "**Cash Collateral**"). The Debtor believes that the Lenders may assert an interest in the Cash Collateral.

E. The Debtor asserts that it generates substantially all of its revenue from the operation of its business.

F. The Debtor asserts that it has provided actual notice of the Cash Collateral Motion and the relief requested therein to the Lenders, to each of the Debtor's Twenty Largest Unsecured Creditors, and the United States Trustee.

G. The Debtor alleges that an immediate need exists for the Debtor to obtain use of the Cash Collateral to fund critical operations of its business. A schedule of the Debtor's revenues and cash requirements for the weeks following the Petition Date is set forth in the Notice of Supplemental and Amended Budget [Doc. 71] (the "**Budget**").

H.  The Debtor alleges that in order to continue its operations and to preserve the value of its assets, it requires the use of the Cash Collateral in accordance with this Order.

I.  Good cause has been shown for the entry of this Order and authorization for the Debtor to use cash collateral pending the final hearing on the Cash Collateral Motion pursuant to Bankruptcy Rule 4001(b) (the "**Final Hearing**"). Among other things, entry of this Order will minimize the disruption of its business, will increase the possibility for a successful reorganization, and is in the best interests of the Debtor, its creditors, and other parties-in-interest.

Accordingly, it is hereby

**ORDERED, ADJUDGED AND DECREED:**

1.  The Cash Collateral Motion is GRANTED on an interim basis. Subject to the terms hereof, this Order is effective immediately.

2.  The Debtor is authorized to use Cash Collateral as set forth herein from the date of the entry of this Order through and including the date of the final hearing on the Cash Collateral Motion (the "**Interim Period**").  The Interim Period may be extended by further order of the Court.

3.  In order to provide adequate protection for the Debtor's use of the Cash Collateral authorized hereunder, the Lenders and any other secured creditor, to the extent they hold valid liens, security interests, or rights of setoff as of the Petition Date under applicable law, are hereby granted valid and properly-perfected liens (the "**Adequate Protection Liens**") on all property acquired by the Debtor after the Petition Date that is the same or similar nature, kind, or character as each party's respective pre-petition collateral, to the extent of any diminution in the value of the Cash Collateral, except that no such replacement liens shall attach to the proceeds of any avoidance

actions under Chapter 5 of the Bankruptcy Code. The Adequate Protection Liens shall be deemed automatically valid and perfected upon entry of this Order.

4. Nothing herein shall be construed as a finding or conclusion that the Lenders or any other party holds a valid security interest, lien, or any interest in any of the Debtor's assets, and all parties' rights with respect to such issues are reserved.

5. This Order is entered without prejudice to the rights of either the Lenders or the Debtor to seek a modification of the terms hereof after notice and a hearing, and without prejudice to the right of Debtor to object to any claim.

6. **The Court will hold a continued hearing on the Cash Collateral Motion on July 10, 2025 at 10:30 AM in Courtroom 103, U.S. Courthouse, 121 Spring Street SE, Gainesville, GA 30501,** which may be attended in person or via the Court's Virtual Hearing Room. You may join the Virtual Hearing Room through the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the homepage of the Court's website, www.ganb.uscourts.gov, or the link on the judge's webpage, which can also be found on the Court's website. Please also review the "Hearing Information" tab on the judge's webpage for further information about the hearing. You should be prepared to appear at the hearing via video, but you may leave your camera in the off position until the Court instructs otherwise. Unrepresented persons who do not have video capability may use the telephone dial-in information on the judge's webpage.**.**

7. The instant Order shall remain valid until such hearing, or any continuation thereof, has been held and a ruling entered.

### END OF ORDER ###

*Signature on Following Page*

**Prepared and presented by:**

**KECK LEGAL, LLC**

*/s/ Jonathan Clements*
Benjamin R. Keck, Ga. Bar No. 943504
Jonathan Clements Ga. Bar No.
2801 Buford Highway NE, Suite 115
Atlanta, GA 30329
Tel. (470) 826-6020
bkeck@kecklegal.com
jclements@kecklegal.com
*Proposed Counsel for the Debtor*

**Distribution List**

Benjamin R. Keck
KECK LEGAL, LLC
2801 Buford Highway NE, Suite 115
Atlanta, GA 30329

Office of the United States Trustee
Attn: David Weidenbaum
Suite 362, Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303