IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| IN RE: | : |
| | : CASE NO.: 25-20705-jrs |
| BMX TRANSPORT, LLC, | : |
| | : CHAPTER 11 |
| Debtor. | : |
| | : |

### NOTICE OF HEARING

**PLEASE TAKE NOTICE** that The Huntington National Bank ("Huntington") has filed a Motion for Relief from the Automatic Stay or, in the Alternative, Adequate Protection and related papers with the Court seeking an order modifying the automatic stay or providing for adequate protection.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the **Motion for Relief from the Automatic Stay or, in the Alternative, Adequate Protection** at **10:30 a.m.** on **September 11, 2025** in **Courtroom 103**, United States Courthouse 121 Spring Street SE, Gainesville, Georgia 30501, which may be attended in person or via the Court's Virtual Hearing Room. You may join the Virtual Hearing Room through the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the homepage of the Court's website, www.ganb.uscourts.gov, or the link on the judge's webpage, which can also be found on the Court's website. Please also review the "Hearing Information" tab on the judge's webpage for further information about the hearing. You should be prepared to appear at the hearing via video, but you may leave your camera in the off position until the Court instructs otherwise. Unrepresented persons who do not have video capability may use the telephone dial-in information on the judge's website.

Your rights may be affected by the court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how, and whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk before the hearing. The address of the Clerk's Office is Clerk, U.S. Bankruptcy Court, Room 120, 121 Spring Street SE, Gainesville, Georgia 30501. You must also mail a copy of your response to the undersigned at the address stated below.

If a hearing on the Motion cannot be held within thirty (30) days, Movant waives the requirement for holding a preliminary hearing within thirty days of filing the Motion and agrees

WBD (US) 4867-1354-6417

to a hearing on the earliest possible date. Movant consents to the automatic stay remaining in effect until the Court orders otherwise.

**Dated August 11, 2025**

        /s/ Arthur A. Ebbs
        Arthur A. Ebbs
        WOMBLE BOND DICKINSON (US) LLP
        GA State Bar No. 416181
        1331 Spring Street NW
        Suite 1400
        Atlanta, Georgia 30309
        Telephone: (404) 872-7000
        Email:    arthur.ebbs@wbd-us.com

*Local Counsel, Attorneys for Huntington National Bank*

WBD (US) 4867-1354-6417

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| IN RE: | : |
| | : CASE NO.: 25-20705-jrs |
| BMX TRANSPORT, LLC, | : |
| | : CHAPTER 11 |
| Debtor. | : |
| | : |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR, IN THE ALTERNATIVE, ADEQUATE PROTECTION**

Now comes The Huntington National Bank ("Huntington"), by and through counsel, and moves this court for an Order granting it relief from the automatic stay pursuant to 11 U.S.C. § 362(d) and Rule 4001 of the Bankruptcy Rules of Procedure. In support of its Motion for Relief from the Automatic Stay or, in the Alternative, Adequate Protection (the "Motion"), Huntington shows unto the court as follows:

**JURISDICTION**

1. This matter is a core proceeding pursuant to 28 U.S.C. § 157 and the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334.

2. This is a contested matter brought pursuant to 11 U.S.C. §§ 361, 362(d).

3. The Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on May 20, 2025 (the "Petition Date"), and the Debtor continues to operate as a debtor-in-possession.

**FACTS AND BASIS FOR REQUESTED RELIEF**

4. On or about October 18, 2021, Debtor executed a promissory note in favor of Huntington in the original principal amount of $161,094.00 (together with all amendments and

modifications (the "Note") to evidence a loan given by Huntington. A true and accurate copy of the Note is attached hereto as **Exhibit A**.

5. In connection with the Note, the Debtor executed a security agreement (the "Security Agreement") by which it granted Huntington a security interest in one (1) 2022 Freightliner Cascadia PT126SLP VIN No. 3AKJHHDR5NSNG7050 together with all attachments and accessories thereto (the "Vehicle"). A true and accurate copy of the Security Agreement is attached hereto as **Exhibit B**.

6. Huntington perfected its security interest in the Vehicle by recording its lien on the Vehicle's Certificate of Title. A true and accurate copy of the Certificate of Title is attached hereto as **Exhibit C** and incorporated herein.

7. Huntington filed a proof of claim on July 1, 2025 in the amount of $83,047.13 assigned claim number 18-1 (the "Proof of Claim"), attached hereto as **Exhibit D** and incorporated herein.

8. Prior to the Petition Date, the Debtor defaulted under the payment terms and conditions of the Note. As of the Petition Date, the outstanding balance due and owing to Huntington under the Note is $184,172.19. A breakdown of the balance due and owing under the Note (including principal, interest, and fees) is attached and incorporated in the Proof of Claim and further incorporated herein by reference.

9. Following the petition date, on June 20, 2025, Huntington communicated with Debtor's attorney to give notice that Huntington was not adequately protected. Huntington received no response.

10. Huntington followed up with Debtor's attorney regarding adequate protection on July 21, 2025. Huntington received no response.

WBD (US) 4867-1354-6417

11.    To date, the Debtor has not provided Huntington with any adequate protection (payments or otherwise) since the Petition Date yet the Debtor continues to use the Vehicle at Huntington's expense.

12.    Upon information and belief, the Vehicle is depreciating in the amount of $2,055.45 each month.

## BASIS FOR RELIEF

13.    Upon the filing of a bankruptcy petition, the automatic stay under § 362(a) operates to stay "the commencement or continuation … of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title . . . ." 11 U.S.C. § 362(a). Section 362(d) allows a court to grant a party relief from the automatic stay for cause, which includes the lack of adequate protection of an interest in property of a party in interest. *See* 11 U.S.C. § 362(d)(1). Because the Bankruptcy Code does not define what constitutes "cause," courts are directed to determine whether cause exists on a case-by-case basis. *In re Reitnauer,* 152 F.3d 341,343, n. 4 (5th Cir. 1998).

14.    The lack of adequate protection is the most common basis for finding cause to grant relief from the stay. 3 *Colliers on Bankruptcy* ¶ 362.07[3] (16th ed. Rev. 2019)). Like with the term "cause," the term "adequate protection" is not defined in the Bankruptcy Code. Instead, § 361 provides examples of what may adequately protect a party's interest, such as periodic payments, granting an additional or replacement lien to account for the decrease in the value of such entity's interest in the property, or such other relief that will result in such entity realizing the indubitable equivalent of such interest. See 11 U.S.C. § 361.

15.    Based on the foregoing, and as a result of the Debtor's default under the Note and failure to provide Huntington with adequate protection, Huntington is entitled to relief from the

automatic stay pursuant to § 362(d)(1) for cause.  Cause exists for relief from the automatic stay under § 362(d)(1) for the reasons set out above, including the Debtor's failure to offer adequate protection and the diminution in value of the Vehicle.

16. Additionally, Huntington is entitled to stay relief to enforce its security interest in the Vehicle pursuant to § 362(d)(2).  Section 362(d)(2) provides for stay relief where, as here, there is no equity in the property and the property is not necessary for an effective reorganization. "Necessary for an effective reorganization" means that there "must be a reasonable possibility of a successful reorganization within a reasonable time" and that the property at issue is necessary to that reorganization. 3 *Colliers on Bankruptcy* ¶ 362.07[4] (16th ed. Rev. 2019)).

17. Based on the foregoing, Huntington is entitled to relief from the automatic stay pursuant to § 362(d)(2).  Upon information and belief, there is no equity in the Vehicle.  The Debtor has several other vehicles it can utilize to carry out its business. Huntington is entitled to relief from the automatic stay pursuant to § 362(d)(2) for the reasons set forth above, as there is a lack of equity in the Vehicle and the Vehicle is not necessary for an effective reorganization.

18. Because of the depreciating nature of the Vehicle, sufficient cause exists to waive the requirements of Rule 4001 such that the order granting relief from the automatic stay will be effective upon entry by the court.

19. Alternatively, Huntington is entitled to adequate protection payments under § 361 commencing shortly after Debtor first received notice of Huntington's request for adequate protection.

WHEREFORE, Huntington prays for the court to grant the following relief:

WBD (US) 4867-1354-6417

1. To enter an Order effective upon entry modifying the automatic stay imposed by § 362 to allow Huntington to institute and complete a repossession and sale and/or foreclosure of the Vehicle under the terms of its loan documents and in accordance with applicable law; or

2. In the alternative, order Debtor to make adequate protection payments of $2,055.45 to Huntington on an on-going basis; and

3. Order Debtor to cure adequate protection arrears for July 2025 and August 2025; and

4. To grant such other and further relief as the court deems just and appropriate.

This the 11th day of August, 2025.

        WOMBLE BOND DICKINSON (US) LLP

        /s/ Arthur A. Ebbs
        Arthur A. Ebbs
        WOMBLE BOND DICKINSON (US) LLP
        GA State Bar No. 416181
        1331 Spring Street NW
        Suite 1400
        Atlanta, Georgia 30309
        Telephone: (404) 872-7000
        Email: arthur.ebbs@wbd-us.com

        *Attorneys for Huntington National Bank*

WBD (US) 4867-1354-6417

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed using the Court's CM/ECF system which will automatically provide electronic service to all counsel of record or by depositing a copy of same in an envelope with adequate postage affixed thereon to ensure delivery by United States first-class mail:

>BMX Transport, LLC
>2850 Hog Mountain Road, Suite 201
>Dacula, GA 30019
>
>Jonathan D Clements
>Keck Legal, LLC
>Druid Chase - Suite 115
>2801 Buford Highway NE
>Atlanta, GA 30329
>
>Benjamin R Keck
>Keck Legal, LLC
>Druid Chase - Suite 115
>2801 Buford Highway NE
>Atlanta, GA 30329
>
>David S. Weidenbaum
>Office of the U.S. Trustee
>362 Richard B. Russell Bldg.
>75 Ted Turner Drive, SW
>Atlanta, GA 30303

This the 11th day of August, 2025.

>/s/ Arthur A. Ebbs
>Arthur A. Ebbs
>WOMBLE BOND DICKINSON (US) LLP
>GA State Bar No. 416181
>1331 Spring Street NW
>Suite 1400
>Atlanta, Georgia 30309
>Telephone: (404) 872-7000
>Email: arthur.ebbs@wbd-us.com