**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| BMX TRANSPORT, LLC, | ) | CASE NO. 25 – 20705 - JRS |
| | ) | |
| DEBTOR. | ) | |

**UNITED STATES TRUSTEE'S MOTION TO CONVERT OR DISMISS CASE OR FOR ENTRY OF A SCHEDULING ORDER**

Guy A. Van Baalen, Acting United States Trustee for Region 21 ("United States Trustee"), pursuant to 28 U.S.C. § 586(a)(3) and 11 U.S.C. § 1112(b), respectfully moves the Court to dismiss this case or convert the case to one under chapter 7. In the alternative, the United States Trustee requests the Court enter an order establishing deadlines and parameters for BMX Transport, LLC (the "Debtor") to take measures to propose and prosecute a disclosure statement and a chapter 11 plan. In support of this motion, the United States Trustee shows the Court as follows:

1. On May 20, 2025, Debtor filed a voluntary petition for relief under chapter 11 of the United States Code, 11 U.S.C. §§ 101, et seq., in the United States Bankruptcy Court for the Northern District of Georgia.

2. The United States Trustee is a party in interest and may raise and may appear and be heard on any issue in any case of proceeding under title 11. 11 U.S.C. § 307. Pursuant to 28 U.S.C. § 586(a)(3), the United States Trustee's duties include supervising the administration of chapter 11 cases.

3. Bankruptcy Code section 1112(b)(1) provides that:

> ... on request of a party in interest, and after notice and a hearing, absent unusual circumstances.....the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter to a case under chapter 7 or dismiss

> a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

4. Bankruptcy Code section 105(d)(1) provides that, on request of a party in interest, the Court shall hold a status conference as necessary to further the expeditious and economical resolution of the case. *In re JNL Funding Corp.* 2010 Bankr. LEXIS 2971 (Bankr. E.D.N.Y. 2010). Bankruptcy Code section 105(d)(2) authorizes the Court to issue an order at any such status conference prescribing such limitations and conditions as the Court deems appropriate to ensure the case is handled expeditiously and economically, including an order that sets a date by which the debtors shall file a plan and disclosure statement and a date by which the debtors shall solicit acceptances of a plan.

5. The Debtor's case has been pending for over fifteen (15) months, yet Debtor has not filed a plan of reorganization.

6. "Section 1112(b)(4) states, 'the term "cause" includes--' and then lists sixteen examples of "cause." The list is not exhaustive, and a case may be dismissed for other causes, such as bad faith or if the petition does not serve a bankruptcy purpose." *In re Americert, Inc.*, 360 B.R. 398, 401(Bankr. D. N.H. 2007). "Fundamental bankruptcy policy continues to support the proposition that the inability to propose a feasible reorganization or liquidation plan provides 'cause' for dismissal or conversion of a chapter 11 case on request of an interested party. *In re DCNC North Carolina I, LLC*, 407 B.R. 651, 666 (Bankr. E.D. Pa. 2009). "Chapter 11 debtors cannot "have their cake and eat it too"; the extraordinary relief provided by the bankruptcy laws comes with a price. That 'price' includes the responsibility to pursue an open and expeditious reorganization." *In re Milford Connecticut Assoc., L.P.,* 389 B.R. 303, 309 (BK. Conn. 2008).

7. Additionally, cause exists for dismissal or conversion of the case due to Debtor's failure or inability to pay quarterly fees to the United States Trustee.

8. 11 U.S.C. § 1112(b), in pertinent part, provides as follows:

> [T]he court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause. . . .
> (4) For purposes of this subsection, the term "cause" includes –
> (K) failure to pay any fees or charges required under chapter 123 of title 28;…

9. The United States Trustee contends that Debtor owes fees in the amount of $17,868.24. Debtor's failure to pay quarterly fees is in violation of its statutory obligations and constitutes cause for dismissal or conversion of the case under 11 U.S.C. § 1112(b)(4)(K).

WHEREFORE, the United States Trustee respectfully requests that this Court dismiss this case or convert this case to chapter 7, or in the alternative, establish deadlines and parameters for the debtor to timely satisfy requirements to prosecute a plan.

Dated: September 2, 2026

GUY A. VAN BAALEN
ACTING UNITED STATES TRUSTEE
REGION 21

By: /s/ David S. Weidenbaum
David S. Weidenbaum
Georgia Bar No. 745892
United States Department of Justice
Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive SW
Atlanta, Georgia 30303
(404) 331 – 4705
David.S.Weidenbaum@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2026, I served a copy of this Pleading by United States Mail, with adequate postage to ensure delivery to:

BMX Transport, LLC
2850 Hog Mountain Road
Suite 201
Dacula, GA 30019

This is to certify that I have on this day electronically filed the foregoing *United States Trustee's Motion to Convert or Dismiss Case and for Status Conference* using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

Jonathan S. Adams on behalf of Creditor United States of America by and through the U.S. Small Business Administration
jonathan.adams@usdoj.gov, CaseView.ECF@usdoj.gov;jessica.gordon@usdoj.gov

Deborah S. Ashen on behalf of Creditor Old National Bank
dsa@ashenlaw.com, assistant@ashenlaw.com

Stephen P. Drobny on behalf of Creditor Mitsubishi HC Capital America, Inc.
sdrobny@joneswalker.com, nkatsaras@joneswalker.com;miamiservice@joneswalker.com

Arthur A. Ebbs on behalf of Creditor The Huntington National Bank
Arthur.Ebbs@wbd-us.com, holly.hampton@wbd-us.com

Ian M. Falcone on behalf of Creditor Darrell Wilson
legalassistant@falconefirm.com;Falcone.IanB103925@notify.bestcase.com

Ian M. Falcone on behalf of Creditor Rhonda Crenshaw
legalassistant@falconefirm.com;Falcone.IanB103925@notify.bestcase.com

Jordan Bradley Forman on behalf of Creditor De Lage Landen Financial Services, Inc.
jforman@foxrothschild.com

Kevin A. Forsthoefel on behalf of Creditor Jeric Holdings, LLC
kforsthoefel@ausley.com, kreffitt@ausley.com

James W. Hays on behalf of Creditor Old National Bank
beau@hayspotter.com

James W. Hays on behalf of Creditor Old Second National Bank
beau@hayspotter.com

Leon S. Jones on behalf of Creditor RTS Financial Service, Inc.
ljones@joneswalden.com,
jwdistribution@joneswalden.com;cparker@joneswalden.com;cmccord@joneswalden.com;lpineyro@joneswalden.com;ewooden@joneswalden.com;eterrell@joneswalden.com

Benjamin R Keck on behalf of Debtor BMX Transport, LLC
bkeck@kecklegal.com,
2411851420@filings.docketbird.com,9222034420@filings.docketbird.com

Matthew F. Kye on behalf of Creditor Sumitomo Mitsui Finance and Leasing Co. Ltd.
mkye@kyelaw.com

James W. Martin on behalf of Creditor North Mill Equipment Finance, LLC
james@jmartinlawatl.com

James W. Martin on behalf of Creditor Stearns Bank, National Association
james@jmartinlawatl.com

Jeremy T. McCullough on behalf of Creditor Pawnee Leasing Corporation
jmccullough@jtm-law.com

Derek Wayne Mullins on behalf of Creditor U.S. Bank National Association d/b/a U.S. Bank Equipment Finance
dmullins@bakerdonelson.com, dspiegel@bakerdonelson.com

Philip L. Rubin on behalf of Creditor Ford Motor Credit Company LLC
prubin@lrglaw.com

Andres H. Sandoval on behalf of Creditor United States of America by and through the U.S. Small Business Administration
andres.sandoval@usdoj.gov, CaseView.ECF@usdoj.gov;jessica.gordon@usdoj.gov

A. Todd Sprinkle on behalf of Creditor PNC Equipment Finance, LLC
toddsprinkle@parkerpoe.com, wandaclay@parkerpoe.com;courtneyvolz@parkerpoe.com

Scott Stevenson on behalf of Creditor BMO Bank N.A.
sstevenson@wongfleming.com, sstevenson@wfsouth.com

Kelly E. Waits on behalf of Creditor Bank of America Leasing & Capital, LLC
kwaits@burr.com

Daniel L. Wilder on behalf of Creditor Sumitomo Mitsui Finance and Leasing Co. Ltd.

dwilder@goodmanlaw.org, bkydept@goodmanlaw.org;bkydept5@goodmanlaw.org

Marie A Witte on behalf of Debtor BMX Transport, LLC
mwitte@kecklegal.com

Adolyn Clark Wyatt on behalf of Creditor Bank of America Leasing & Capital, LLC
awyatt@burr.com, mgunnells@burr.com

Dated: September 2, 2026

GUY A. VAN BAALEN
ACTING UNITED STATES TRUSTEE
REGION 21

By: /s/ David S. Weidenbaum
David S. Weidenbaum